```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
United States,

                Plaintiff,              85-CR-28 (CPS)

    - against -                         MEMORANDUM
                                        AND ORDER
Frank Guidice,

                Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

In 1985, Frank Guidice ("defendant") pleaded guilty to two separate indictments on successive days to conspiracy to distribute heroin and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Judge Constantino sentenced defendant to seven years of incarceration on the first indictment. I sentenced defendant to two years of incarceration to run consecutively to the 7 year sentence, followed by a special parole term of 5 years. Defendant violated parole in 1999, and was incarcerated for the underlying offense. A warrant for defendant's parole violation offense was lodged as a detainer, to be executed upon defendant's completion of his sentence on June 23, 2009. Now before the court is a motion by defendant to compel the Parole commission to remove the detainer and execute the warrant before the completion of his current sentence. Defendant further moves for reconsideration of his sentence, alleging that his sentence to a special parole term was

illegal because the special parole provision was eliminated between 1984, and 1987, and that the court lacked subject matter jurisdiction to sentence defendant because the government did not prove an element of the offense. For the reasons stated below, defendant's motion is denied.

**Background**

The following facts are taken from the parties' submissions in connection with this motion.

On October 17, 1985, Judge Constantino sentenced defendant to a seven-year sentence. On October 18, 1985, I sentenced defendant to a two-year sentence to run consecutive to the first, followed by a five-year special parole term. The sentences were treated as one aggregate sentence. The United States Parole Commission (the "Commission") paroled defendant from this sentence on April 13, 1990, and he remained under parole supervision until October 13, 1994. Defendant commenced service of the special parole term on October 13, 1994, and was to remain under special supervision until October 12, 1999. On September 1, 1999, the Commission issued a parole violation warrant charging defendant with violating the conditions of special prole by committing the offenses of conspiracy to rob and use of a firearm,[1] but held the warrant in abeyance pending the

---

[1] Defendant was arrested for these offenses on June 10, 1999.

disposition of the criminal charges. Defendant was convicted of these charges by the United States District Court of the Eastern District of New York and sentenced on January 12, 2001 to an aggregate 123 month non-parolable sentence. The Commission's warrant was lodged as a detainer, to be executed upon defendant's completion of his new sentence. After a dispositional on-the-record review of the detainer, by notice of action dated September 6, 2001, the Commission ordered that the detainer stand.

By letter dated April 1, 2007, defendant's counsel demanded that the Commission execute its warrant. The Commission refused, and informed counsel of its intention to conduct a revocation hearing following execution of the warrant, upon defendant's release from his new sentence. Defendant then sent a letter requesting that the Commission remove the detainer. The Commission denied this request.

Defendant next filed a habeas petition pursuant to 28 U.S.C. § 1361 and § 2241 in the United States District Court for the District of New Jersey, asking the Court to compel the Parole Commission to execute its warrant and conduct a parole violation hearing prior to the expiration of his 123-month sentence. Defendant asserted the following grounds for his claim: violation of his Fifth Amendment right to due process, cruel and unusual punishment under the Eighth Amendment, denial of equal protection

in violation of the Fourteenth Amendment, and arbitrary agency action by the Parole Commission for not following its own regulations. In an opinion signed January 18, 2008, Judge Robert B. Kugler of the District of New Jersey dismissed the petition with prejudice, holding that defendant had no legal entitlement to execution of the Commissioner's warrant prior to the time ordered by the Commission. *See Guidice v. United States Parole Comm'n*, 2008 U.S. Dist. LEXIS 4374 (D.N.J. January 18, 2008).

In his opinion, Judge Kugler first addressed the claim that the Commission violated federal law and its own guidelines by allowing the revocation warrant to stand. He quoted sections of the Parole Act and its implementing guidelines, and found that the Commission had complied with the requirements. *Id*. at * 8-14. In particular, Judge Kugler found that, because the 123-month sentence was non-parolable, the regulation required the detainer to stand until defendant was released from his new sentence. *Id*. at * 13. Judge Kugler next addressed defendant's constitutional claims, finding that the Supreme Court had already rejected defendant's due process argument that allowing a detainer to stand would improperly require him to be detained for up to 90 days before the Commission conducted a parole revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 79, 87 (1976) ("a federal parolee imprisoned for a crime committed while on parole is [not] constitutionally entitled to a prompt parole revocation hearing

when a parole violator warrant is issued... but not [executed].... [T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."). Judge Kugler additionally rejected the claim that the Commission unconstitutionally discriminated against defendant, finding that defendant had not substantiated this allegation.

**Discussion**

**A. Parole Commission Detainer**

Defendant alleges that the Commission's refusal to execute the detainer against him is arbitrary and in violation of its own regulations. Defendant further alleges that the Commission has violated the due process clause of the Fifth Amendment, the Eighth Amendment's provision against cruel and unusual punishment, and the Fourteenth Amendment's requirement of equal protection under the laws. These claims are barred by the doctrine of law of the case.[2] The United States District Court for the District of New Jersey has previously addressed these claims and dismissed them with prejudice.

---

[2] "The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (citations and internal quotation marks omitted). Under this doctrine 'courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court.' *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 94 (2d Cir. 2005) (citation and internal quotation marks omitted)." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008).

**B. Illegal Sentence Claims**

Defendant claims that the imposition of a special parole term upon him was illegal, because, "where a drug offense was committed between October 12, 1984 and October 27, 1986, the statute fails to provide a basis for the imposition of a special parole term and/or supervised release," relying on *Gozlon-Perez v. United States*, 498 U.S. 395 (1991). Defendant misstates the holding of *Gozlon-Perez*, in which the Supreme Court stated that, for certain drug offenses committed in the period between October 26, 1986, and November 1, 1987, supervised release applied rather than special parole. 498 U.S. at 409. Defendant's claim that there was a 'legal limbo' period in which neither special parole nor supervised release applied has no basis. Furthermore, defendant committed the drug offense on which the special parole term was based on June 15, 1983. *See* Presentence Report, Ex. 3, p. 2. Defendant's allegation that he committed the conduct that was the ground of the special parole term "on or about December 1984" is not supported by the record.

Defendant next claims that this Court lacked jurisdiction to impose a sentence on him because, at the time of sentencing, the statute included the element that a defendant must be found with drugs on his person or in his possession, and defendant was not arrested with drugs.[3] Defendant does not identify the statutory

---

[3] The government has not responded to this claim.

language to which he refers. Furthermore, the record is clear that defendant was directly involved in a conspiracy to distribute drugs. The presentence report states that drug enforcement officers engaged in a purchase of 1/8 kilogram of heroin in exchange for $47,000. Ex. 3, p. 3. Officers observed co-conspirators leave the location with the money and transfer it to a house, where defendant soon acquired it. Ex. 3, p. 4. Defendant has presented no ground upon which to find that this Court lacked jurisdiction to impose his sentence.

## Conclusion

For the reasons stated herein, defendant's motion to correct his sentence and to require the Parole Commission to execute its warrant against him is denied. The Clerk is directed to mail a copy of the within to defendant, and to transmit a copy of the within to plaintiff.

SO ORDERED.

Dated:   Brooklyn, New York
         April  21, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                                United States District Judge